```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JAMES C. JANOSEK, et al.,                       :       CASE NO. 1:12-cv-823
                                                :
            Plaintiffs,                         :
                                                :
        v.                                      :       OPINION & ORDER
                                                :       [Resolving Doc. No. 7]
CITY OF CLEVELAND, et al.,                      :
                                                :
            Defendants.                         :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

It's the rare consumer who files a lawsuit to dispute a ten-year-old water bill. Perhaps rarer is the city water department that overcharges one of its customers—presumably one of its customers it would like to keep employing Cleveland workers—by more than half-a-million dollars. Here, we have both.

Plaintiff James Janosek and his company, Welded Ring Products ("Welded Ring"), filed this lawsuit against Defendant City of Cleveland, claiming that between 1999 and 2001 the City's water department overcharged Welded Ring by a startling $536,000—$500,000 for water; the other $36,000 for sewer services.[1] Plaintiffs make claims for unjust enrichment, violation of due process, taking without just compensation, and negligence. [Doc. 1-3]. The City has moved to dismiss Plaintiffs' complaint, arguing that Plaintiffs have failed to state a claim upon which relief can be

---

[1] Plaintiffs also named Barry A. Winters, Acting Director of the Division of Public Utilities, as a defendant. The City's Water Department is part of the Division of Public Utilities. [Doc. 1-3, at 2]. For readability, the Court refers to both Defendants, together, as "the City."

Case No. 1:12-cv-823
Gwin, J.

granted. *See* Fed. R. Civ. P. 12(b)(6); [Doc. 7]. Most relevant, the City argues that Plaintiffs' claims are unenforceable because of the statute of limitations. Plaintiffs oppose the motion. *See* [Doc. 18]. For the following reasons, the Court **GRANTS** the City's motion.

I.

The Court assumes, as it must, that the factual allegations in Plaintiffs' complaint are true:

Plaintiff Janosek owns Plaintiff Welded Ring, a corporation located in Cleveland, Ohio. [Doc. 1-3, at 1]. Plaintiffs, along with most other residents, business owners, and corporations in Cuyahoga County, Ohio, purchase water and sewer services from the City of Cleveland through the City of Cleveland Water Department. *Id.* at 2. Plaintiffs estimate that between 1999 and 2001, the Water Department overcharged Welded Ring by $536,000, which Janosek and Welded Ring paid, and now want back. *Id.*

In October 2009, Janosek contacted the City's Law Department in an effort to resolve the dispute. [Doc. 18, at 2]. Janosek's chief complaint (and the apparent source of the exaggerated bills at issue in this case), was with the manner in which the Water Department measures water and sewer use. *Id.* In short, it doesn't; bills are estimates based on prior use. *Id.* The Law Department—unimpressed by Janosek's grievance[2]—referred him to the City's "Moral Claims Commission." *Id.*

The City established the Moral Claims Commission to investigate and consider monetary claims against the City that the City is not legally obligated to pay. Cleveland, Ohio, Code § 155.02. The Commission, "as a matter of grace and not as a matter of right," has the discretion to fix an award for the payment of such claims, Cleveland, Ohio, Code § 155.04—it's something of a roving

---

[2] The City ultimately agreed with Janosek. In 2010, it voted to spend eighty-million dollars to install new water meters that automatically report actual water use. [Doc. 1-3, at 3].

-2-

Case No. 1:12-cv-823
Gwin, J.

commission to do good.

On March 25, 2010, the Moral Claims Commission held a hearing on Plaintiffs' overpayments to the Water Department. Notably, Plaintiffs did not attend, but that's only because the Commission never told Plaintiffs about the date, time, or location of the hearing. [Doc. 1-3, at 3]. The Commission *did*, however, provide notice to the Water Department. *Id.*

On March 31, 2010, a Claims Examiner from the Moral Claims Commission sent a letter to Plaintiffs' counsel advising that the hearing had taken place and that the Commission had denied Plaintiffs' request for reimbursement. *Id.* Plaintiffs then filed this lawsuit in the Cuyahoga County Court of Common Pleas. *See* [Doc. 1-2]. The City removed the case to federal court, *see* [Doc. 1], and moved to dismiss, *see* [Doc. 7], arguing that Plaintiffs' complaint is time-barred and otherwise fails to state a claim upon which relief can be granted.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The Court must presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the Plaintiffs. *Id.* But the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

With that in mind, the Court turns to Plaintiffs' claims.

### A.

According to Plaintiffs, their state-law claims for unjust enrichment, taking without just compensation in violation of the Ohio Constitution, and negligence—Counts 1, 4, and 5—arise from

-3-

Case No. 1:12-cv-823
Gwin, J.

the overpayments Welded Ring made to the City Water Department between 1999 and 2001. The City contends that these claims are time-barred, and should therefore be dismissed. The City is correct. *See* Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 744 (6th Cir. 1992) ("[T]he defense of statute of limitations may be raised by a motion to dismiss under Rule 12(b)(6) when it is apparent from the face of the complaint that the time limit for bringing the claim has passed.").

Ohio law sets a two-year limitations period on claims brought against a political subdivision. O.R.C. § 2744.04(A). And, generally, a cause of action accrues for limitations purposes at the time the wrongful act is committed. *O'Stricker v. Jim Walter Corp.*, 447 N.E.2d 727, 730 (Ohio 1983).[3] So however the Court construes the overpayments—as an unjust benefit conferred upon the City, as a government taking, or as the proximate result of a negligent billing practice—Plaintiffs' state-law claims accrued, at the latest, in 2001. Accordingly, Plaintiffs' claims seeking recovery for those overpayments have long since expired.

Plaintiffs, for their part, do not argue that these claims are timely. Instead, they contend that because the City raised the same statute-of-limitations defense in a motion for judgment on the pleadings filed in state court, and because the state court denied that motion, the law-of-the-case doctrine prohibits this Court from reconsidering that decision. *See* [Doc. 18].

Plaintiffs misread the state-court procedural history and misunderstand the law-of-the-case doctrine. First, Plaintiffs see far too much in the state court's denial of the City's motion for judgment on the pleadings. The state court did not consider the City's motion on its merits; it denied

---

[3] For a claim of unjust enrichment, the wrongful act occurs at the time the benefit is conferred and retained unjustly. *See* Desai v. Franklin, 895 N.E.2d 875, 883 (Ohio 2008). For a claim of taking without just compensation, the wrongful act occurs at the time of the taking. *See* Koe-Krompecher v. City of Columbus, No. 05AP-697, 2005 WL 3316846, at *5 (Ohio Ct. App. Dec. 8, 2005). For a claim of negligence, the wrongful act generally occurs at the time of the negligent conduct. *See* Collins v. Sotka, 692 N.E.2d 581, 584 (Ohio 1998).

-4-

Case No. 1:12-cv-823
Gwin, J.

the motion because Plaintiffs had moved to amend their Complaint. So, in a single journal entry, the court granted Plaintiffs' motion to amend and denied the already-pending motion for judgment on the pleadings. *See* [Doc. 1-7, at 2]. Courts do this routinely. As Plaintiffs' counsel surely knows, a motion for "judgment on the pleadings is rendered moot by the [filing of an] amended complaint." *Grisby v. Wilberforce Univ.*, No. 3:10-cv-184, 2011 WL 3321292, at *1 (S.D. Ohio July 15, 2011); *see also Hidey v. Ohio State Highway Patrol*, 689 N.E.2d 89, 91(Ohio Ct. App. 1996) ("An amended complaint supersedes and replaces the original complaint."). Accordingly, there simply *isn't any* "law of the case" with respect to the City's statute-of-limitations defense.

Moreover, the law-of-the-case doctrine "does not remove a district court's jurisdiction to reconsider, or otherwise preclude a district court from reconsidering, an issue previously decided in the case." *United States v. Dunbar*, 357 F.3d 582, 592 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1099 (2005). Instead, it's a "discretionary tool *available to* a court in order to promote judicial efficiency" and, in cases on remand, "to assure compliance by inferior courts with the decisions of superior courts." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (emphasis supplied); *see Arizona v. California,* 460 U.S. 605, 618 (1983) ("[L]aw of the case is an amorphous concept . . . that posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Law of the case directs a court's discretion, it does not limit the tribunal's power."). The state court's denial of the City's motion for judgment on the pleadings does not purport to be, could not be, and is not, worthy of any deference or prospective effect on the merits of the City's statute-of-limitations defense. Accordingly, the Court considers the City's statute-of-limitations argument, agrees with it, and **DISMISSES** Counts

Case No. 1:12-cv-823
Gwin, J.

1, 4, and 5.[4]

B.

What remain, then, are Counts 2 and 3—both alleging a deprivation of Plaintiffs' right to due process. These counts are not barred by the applicable statute of limitations because they arise from the March 25, 2010, Moral Claims Commission hearing.

Plaintiffs contend that the Moral Claims Commission deprived Plaintiffs of their right to procedural due process when it failed to notify either Janosek or Welded Ring of the date, time, or location of its hearing. That failure, of course, all-but-prevented Plaintiffs from appearing and having a meaningful opportunity to be heard. But although this underhanded tactic (remember, the Commission did notify the Water Department) is at odds with the Commission's virtuous name, Plaintiffs have not alleged a protected property or liberty interest in the subject of the Commission hearing. Accordingly, Plaintiffs cannot prevail on these claims either.[5]

A threshold requirement to any procedural-due-process claim is the plaintiff's identification of a protected liberty or property interest. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)

---

[4] Plaintiffs also point to a motion to dismiss the City filed in state court. The state court similarly denied that motion in a journal entry. *See* [Doc. 1-7, at 9]. But that motion didn't even argue that the statute of limitations barred Plaintiffs' claims. *See* [Doc. 18-1]. Accordingly, the state-court order denying the motion to dismiss cannot possibly be read to establish any law of the case with respect to the City's statute-of-limitations defense.

[5] Here again, Plaintiffs argue that the law-of-the-case doctrine prohibits the Court from considering whether Plaintiffs have alleged a protected property interest. And here again, they are wrong. It is true that the state court—in a journal entry and without explanation—denied the City's motion to dismiss Plaintiffs' original complaint—a motion that had argued, in effect, that Plaintiffs had failed to allege any protected property interest. *See* [Doc. 18-1]. So it's probably fair to assume that the state court did not agree with the City that Plaintiffs' original complaint had failed to state a procedural-due-process claim. Of course, this Court is now assessing Plaintiffs' amended complaint (something the state court never did), and, in any event, this Court would not shy away from revisiting the state-court's unexplained pre-removal decision. Plaintiffs have pleaded no protected property interest. No amount of discovery or additional motion practice will change that. If Plaintiffs disagree, they may appeal. That will be less expensive than a drawn-out litigation, the sole justification for which would be inflexible deference to an unexplained journal order. *See Todd*, 920 F.2d at 403 ("Applied to coordinate courts, the [law-of-the-case] doctrine is a discretionary tool . . . to promote judicial efficiency. . . . We note that other courts have limited a court's discretion to revisit issues previously decided by another court. We do not think that such limitations are warranted. It is within the sole discretion of a court to determine if a prior ruling should be reconsidered." (citation omitted)).

Case No. 1:12-cv-823
Gwin, J.

("The requirements of procedural due process apply only to the deprivation of interests encompassed by the [Due Process Clause's] protection of liberty and property."); *see also City of Youngstown v. Traylor*, 914 N.E.2d 1026, 1028 (Ohio 2009). A plaintiff "can have no protected property interest in [] procedure itself." *Richardson v. Twp. of Brady*, 218 F.3d 508, 517-18 (6th Cir. 2000).

Plaintiffs contend that they have a property interest in their turn-of-the-millenium overpayments. But a protected property interest is more than "an abstract need or desire for" property or a "unilateral expectation of" property, *Roth*, 408 U.S. at 577; it's a "legitimate claim of entitlement to" property, *Richardson*, 218 F.3d at 517. *See also Curry v. Blanchester*, Nos. CA2009-08-010 & CA2009-08-012, 2010 WL 2807948, at *13 (Ohio Ct. App. July 19, 2010). Plaintiffs lost any protected property interest in their overpayments when the two-year limitations period expired. At that point, Plaintiffs no longer had a "legitimate claim of entitlement" to their money, *id.*—they were at the City's mercy.

That Plaintiffs resorted to the Moral Claims Commission—a body vested with discretion to pay or refuse to pay claims that the City is *not legally obligated* to pay, *see* Cleveland, Ohio, Code § 155.02—puts this case to rest. A plaintiff "can have no legitimate claim of entitlement to a discretionary decision." *Richardson*, 218 F.3d at 517; *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005) ("A benefit is not a protected entitlement if officials have discretion to grant or deny it."). And Plaintiffs cannot resurrect outdated legal claims for reimbursement by pointing to a recent, discretionary refusal to be, well, charitable. The Court **DISMISSES** Counts 2 and 3.

If true, Plaintiffs' claims regarding being overcharged offend. And the City's haughty treatment of those claims offend more. But nevertheless, Plaintiffs unreasonably delayed bringing this to court.

Case No. 1:12-cv-823
Gwin, J.

### III.

For these reasons, the Court **GRANTS** the City's motion to dismiss.

IT IS SO ORDERED.


Dated: July 30, 2012                              s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE